**IN THE COURT OF APPEALS OF IOWA**

No. 15-0763
Filed July 9, 2015

**IN THE INTEREST OF P.M., B.M., AND E.M.,**
**Minor Children,**

**D.M., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Linn County, Susan Flaherty, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Kyle A. Sounhein of Lynch Dallas, P.C., Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Lance J. Heeren, Assistant County Attorney, for appellee State.

Julie Trachta of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, J.**

A father appeals the termination of his parental rights. We affirm.

## I. Background Facts and Proceedings.

D.M. is the father and M.R. is the mother of three children born in 2007, 2008, and 2011, respectively.[1] The family first came to the attention of the Iowa Department of Human Services (Department) in 2010 due to marijuana use by the parents in the presence of the children. The parents participated in voluntary services, and the case successfully ended shortly thereafter.

The family again came to the Department's attention at the end of 2012, after it was reported the parents were using methamphetamine in the home with the children present. When law enforcement officers and the Department's child-protective-services worker went to the family's home for a safety check, the home was found to be in disarray; dishes, food, toys, and clothing were found on the floor of the home, and the home had a foul order. The mother admitted she had been using marijuana, but she denied any methamphetamine usage. The father denied using any illegal substances. The Department requested the parents provide samples for drug testing, and the father tested positive for methamphetamine and marijuana. Additionally, each child's hair tested positive for methamphetamine. The children were subsequently removed from the parents' care and placed with relatives.

The children were adjudicated children in need of assistance in January 2013, and the parents were offered reunification services. The parents participated in the services and abstained from use of illegal drugs for many

---

[1] Termination of the mother's parental rights is not at issue in this appeal.

months, leading to a trial home placement of the children in February 2014 and custody returned to the mother in June 2014. The parents were directed to continue complying with drug testing.

However, in July 2014, the parents both provided drug patches that were positive for methamphetamine. The children were removed from the parents' care and placed with the Department for placement in relative care. The parents were again directed to cooperate with drug testing, and both parents expressed their intentions to obtain new substance abuse evaluations and to re-engage in substance abuse treatment. Their visits with the children were sporadic thereafter.

The State filed a petition seeking termination of the parents' parental rights in September 2014, later amended in October 2014. Hearing on the petition was held in November 2014. The parents appeared at the hearing and contested the State's termination-of-parental-rights petition, but neither parent testified. The service provider and Department's case worker, both of whom had worked with the parents since January 2013, recommended termination of the parents' parental rights. Both individuals testified the children were in need of permanency, and termination of the parents' parental rights was in the children's best interests, even though the children were placed with relatives and bonded with their parents. The case worker testified the parents were given an opportunity to re-engage in services after they tested positive for methamphetamine in July 2014, and though the parents claimed they had participated in counseling and received new substance abuse evaluations thereafter, their claims were untrue. As of the date of the termination-of-parental-

rights hearing, neither parent had provided any samples for drug testing, participated in counseling, or received a new substance abuse evaluation. Following the hearing, the juvenile court entered its order terminating the parents' parental rights pursuant to Iowa Code section 232.116(1)(f) (2015) as to the two older children and (h) as to the youngest child.

The father now appeals. He contends the State failed to prove the grounds for termination; he should have been given an additional six months "to pursue reunification"; and termination of his parental rights was not in the children's best interests. Our review is de novo. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014).

## II. *Discussion.*

In determining whether parental rights should be terminated under chapter 232, the juvenile court "follows a three-step analysis." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Step one requires the court to "determine if a ground for termination under section 232.116(1) has been established" by the State. *Id.* If the court finds grounds for termination, the court moves to the second step of the analysis: deciding if the grounds for termination should result in a termination of parental rights under the best-interest framework set out in section 232.116(2). *Id.* at 706-07. Even if the court finds "the statutory best-interest framework supports termination of parental rights," the court must proceed to the third and final step: considering "if any statutory exceptions set out in section 232.116(3) should serve to preclude termination of parental rights." *Id.* at 707.

Iowa Code section 232.116(1) paragraphs (f) and (h) are essentially the same but for the applicable age of the child and the amount of time the child has

been out of the home. *See* Iowa Code § 232.116(1)(f) ("The child is four years of age or older" and "has been removed . . . for at least twelve of the last eighteen months"), (h) ("The child is three years of age or younger" and "has been removed . . . for at least six months of the last twelve months"). Both paragraphs (f) and (h) require the State to prove, by clear and convincing evidence, "the child cannot be returned to the custody of the child's parents . . . at the present time." *See id.* § 232.116(1)(f)(4), (h)(4). It is this element of each ground that the father challenges. Upon our de novo review, we find the State met its burden.

Here, the father has a history of drug use, and this case opened with the father and the children testing positive for methamphetamine. A year-and-a-half later, the father was again using methamphetamine. Instead of attempting to return to a sober lifestyle and put his children's needs first after relapsing in 2014, he did nothing from the time of his relapse to the time of the termination-of-parental-rights hearing. We agree with the juvenile court that the State established the children could not be returned to the father's care at the time of the termination-of-parental-rights hearing. Accordingly, we agree with the juvenile court that the State established the statutory grounds for termination of his parental rights.

Additionally, although the father maintains termination of his parental rights is not in the children's best interests, we conclude the record clearly demonstrates otherwise. In making this determination, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *Id.* § 232.116(2). Here, it is

true that the children are placed with relatives and have a bond with their father; nonetheless, both the service provider and case worker still believed the children were in need of permanency, which could only be achieved by termination of parental rights. The father's latest relapse without accountability thereafter evidenced the father could only maintain short bouts of sobriety. Taking into account the relevant factors, we agree with the juvenile court that termination of the father's parental rights is in the children's best interests.

Finally, for the same reasons, we find the an extension of time for the father to work toward reunification is not warranted. It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child. *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010); *see also In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (noting the parent's past conduct is instructive in determining the parent's future behavior). Children are not equipped with pause buttons. "The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems." *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987). At some point, as is the case here, the rights and needs of the children rise above the rights and needs of the parent. *See In re C.S.*, 776 N.W.2d 297, 299 (Iowa Ct. App. 2009). While the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Our supreme court has stated that "the legislature, in cases meeting the conditions of [the Iowa Code], has made a categorical determination

that the needs of a child are promoted by termination of parental rights*." In re M.W.*, 458 N.W.2d 847, 850 (Iowa 1990). The public policy of the state having been legislatively set, we are obligated to heed the statutory time periods for reunification.

The children were adjudicated in need of assistance in January 2013, and the statutory time frames for reunification have passed. These children are in need of permanency, and they should not have to wait any longer in limbo while the father attempts sobriety. We conclude a grant of additional time for the father to work toward reunification is not justified under these circumstances. For these reasons, we affirm the order terminating the father's parental rights.

**AFFIRMED.**